IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| NATALIA A. DUQUE, INDIVIDUALLY AND AS NEXT FRIEND OF E. L. D., A MINOR, AND JESSICA ALLEN, AS NEXT FRIEND OF S. L. D. AND M. E. D., MINORS, AND DONNA LILLY, | § § § § § § § | |
| Defendants. | § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Brighthouse Life Insurance Company ("Brighthouse") by and through its undersigned counsel, states as follows:

## PARTIES

1. Brighthouse, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the Delaware, with its principal place of business in Charlotte, North Carolina. It is authorized to do business in the State of Texas.

2. Defendant Natalia A. Duque ("Natalia") is the surviving spouse of Luis Miguel Duque ("Decedent"). Natalia is a citizen of the State of Texas, residing in Fredericksburg, Texas. Natalia may be served with the summons and this Complaint in Interpleader at her residence located at 309 E. San Antonio Street, Fredericksburg, Texas 78624.

3. Defendant E. L. D. is a surviving minor daughter of Decedent and Natalia. E. L. D. is a citizen of the state of Texas and resides with her mother in Fredericksburg, Texas. E. L. D.

may be served with the summons and this Complaint in Interpleader through her mother and next friend, Natalia, at her residence located at 309 E. San Antonio Street, Fredericksburg, Texas 78624.

4. Defendant S. L. D. is the surviving minor son of Decedent and Jessica Allen ("Allen"). S. L. D. is a citizen of the State of Texas and resides with his mother, Allen, in Wimberley, Texas. S. L. D. may be served with the summons and this Complaint in Interpleader through his mother and next friend, Jessica Allen, at her residence located at 14 Spalding Circle, Wimberley, Texas 78676.

5. Defendant M. E. D. is a surviving minor daughter of Decedent and Allen. M.E.D. is a citizen of the State of Texas and resides with her mother, Allen, in Wimberley, Texas. M.E.D. may be served with the summons and this Complaint in Interpleader through her mother and next friend, Jessica Allen, at her residence located at 14 Spalding Circle, Wimberley, Texas 78676.

6. Defendant Donna Lilly is a citizen of the State of Texas residing in Fredericksburg, Texas. Donna Lilly may be served with the summons and this Complaint in Interpleader at her residence located at 412 S. Adams Street, Fredericksburg, Texas 78624.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

8. Venue is proper pursuant to 28 U.S.C. §1397 and 28 U.S.C. §1391(b), because one or more of the Defendants resides in this district and a substantial part of the events giving rise to this action occurred in this district.

**INTRODUCTION**

9. Decedent died on or about March 10, 2014. His death was reportedly a homicide caused by multiple gunshot wounds.

10. At the time of his death, Decedent was the Owner of and Insured under two Guaranteed Yearly Renewable Term Brighthouse life insurance policies: Policy No. 211271527US (hereinafter, "Brighthouse 2011 Policy") and Policy No. 212267049US (hereinafter, "Brighthouse 2012 Policy"). The face amount of the Brighthouse 2011 Policy is $500,000 and the face amount of the Brighthouse 2012 Policy is $1,000,000 (collectively "the Policy Proceeds"). True and correct copies of Brighthouse 2011 Policy and Brighthouse 2012 Policy are attached hereto as Exhibits "A" and "B" respectively.

11. Decedent designated his wife, Natalia, as the primary beneficiary of the Brighthouse 2011 Policy and his children, E. L. D. (34%), S. L. D. (33%) and M. E. D. (33%) as the contingent beneficiaries.

12. In the Beneficiary Designation for the Brighthouse 2012 Policy, Decedent named Natalia as the primary beneficiary and Donna Lilly as the contingent beneficiary.

13. On information and belief, Natalia has admitted that she killed Decedent, stating that it was in self-defense. On information and belief, Natalia has not been charged with any crime in connection with the death of Decedent and the investigation is still pending.

14. Notice of the death of Luis Duque was not provided to Brighthouse until October 2016.

15. Brighthouse cannot determine whether Natalia should be disqualified as a beneficiary. Texas Insurance Code, Section 1103.151, provides that a "beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the

beneficiary is a principal or an accomplice in wilfully bringing about the death of the insured." Because there has been no finding of whether Natalia willfully brought about the death of Decedent, Brighthouse cannot determine if she is disqualified under Texas law.

## CAUSE OF ACTION IN INTERPLEADER

16. Brighthouse realleges paragraphs 1-15 herein.

17. Because of the allegations set forth above in paragraphs 1-15, Brighthouse cannot determine the proper beneficiary or beneficiaries to the Policy Proceeds without exposing itself to the risk of multiple claims and liabilities under the Policies. Accordingly, Brighthouse seeks to interplead the Policy Proceeds into the registry of the Court.

18. As a mere stakeholder, Brighthouse makes no claim to the Policy Proceeds, except to recover its attorney's fees and costs of this action. Brighthouse is ready, willing, and able to pay the Policy Proceeds in accordance with the terms of the Policies and the applicable law.

19. Brighthouse will deposit the Policy Proceeds into the registry of the Court, plus any applicable interest due and owing under the terms of the Policies, for disbursement in accordance with the Judgment of this Court.

### APPOINTMENT OF A GUARDIAN AD LITEM FOR THE MINOR DEFENDANTS

20. The interests of E. L. D. and Natalia to the proceeds payable under Brighthouse 2011 Policy are in conflict. Accordingly, E. L. D.'s interest cannot be properly represented by Natalia as her next friend. Therefore, Brighthouse requests that the Court appoint a guardian ad litem to protect E. L. D.'s interest in this matter.

21. Additionally, because S. L. D. and M. E. D. are minors, Brighthouse requests that the Court appoint a guardian ad litem to protect their interests in this matter.

WHEREFORE, Plaintiff Brighthouse demands judgment as follows:

a. Permitting Brighthouse to pay the Policy Proceeds into the registry of the Court;

b. Restraining and enjoining the Defendants from initiating any other action against Brighthouse or its predecessors for recovery of the Policy Proceeds or any part thereof;

c. Dismissing Brighthouse with prejudice from this action and discharging Brighthouse and its predecessors from any further liability beyond the Policy Proceeds, plus any applicable interest deposited into the registry of this Court;

d. Awarding Brighthouse its costs and attorney's fees; and

e. Awarding Brighthouse such other and further relief as this Court deems just, equitable, and proper.

Dated:  May 25, 2017

                                          Respectfully submitted,

                                          */s/ Linda G. Moore*
                                          Linda G. Moore
                                          State Bar No. 14359500
                                          ESTES THORNE & CARR PLLC
                                          3811 Turtle Creek Blvd., Suite 2000
                                          Dallas, Texas  75219
                                          Telephone:  (214) 599-4000
                                          Telecopier: (214) 599-4099
                                          lmoore@estesthornecarr.com

                                          ATTORNEYS FOR PLAINTIFF
                                          BRIGHTHOUSE LIFE INSURANCE COMPANY